IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ESTEBAN ANGEL VASQUEZ-CHAVEZ,

     Petitioner,

v.                                   No. 5:23-cv-00591 KG-JMR
                                         No. 5:20-cr-01390 KG-JMR

UNITED STATES OF AMERICA,

     Respondent.

<u>MEMORANDUM OPINION AND ORDER</u>

     This matter comes before the Court upon Esteban Angel Vasquez-Chavez's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.   (Doc. 1) (Motion).[1]   Petitioner is a federal prisoner and proceeding *pro se*.   He asks the Court to vacate his conviction based on ineffective assistance of counsel, the Government's breach of his plea agreement, and prosecutorial misconduct.   The United States responded seeking the Court to dismiss the petition as time barred or, in the alternative, without merit. (Doc. 11).   Mr. Vasquez-Chavez did not submit a reply.   Having reviewed the record and the relevant law, the Court will dismiss the Motion with prejudice as untimely.

I.     <u>Procedural Background</u>

     On March 12, 2020, U.S. Customs and Border Protection officers assigned to the Federal Express distribution headquarters in Memphis, Tennessee received and seized two parcels shipped from Mexico to an address in Roswell, New Mexico.   (Cr. Doc. 1) (Criminal Complaint).   An x-ray scan, search, and field test revealed approximately 3.64 kilograms (8.02

---

[1] Citations to (Doc. __) are to documents filed in the Civil Case No. 5:23-cv-591, and citations to (Cr. Doc. __) are to documents filed in the Criminal Case No. 5:20-cr-1390.

pounds) of methamphetamine hidden in automobile speakers.  *Id.* at 2.   On March 17, 2020, a controlled delivery was conducted.  *Id.*   Mr. Vasquez-Chavez's son accepted the parcels.  *Id.* Upon the subsequent execution of a search warrant, Mr. Vasquez-Chavez's son indicated the packages belonged to his father.  *Id.* at 2-3.   He explained that his father told him to expect the delivery, that they would arrive under another name, and to contact him when delivered.  *Id.* An arrest warrant was issued for Mr. Vasquez-Chavez and effectuated on March 18, 2020.   (Cr. Doc. 2).   Mr. Vasquez-Chavez was a convicted felon.

On June 17, 2020, Mr. Vasquez-Chavez was indicted on four counts: conspiracy to distribute and import a controlled substance in violation of 21 U.S.C. Section 846 (Count 1); importation of 500 grams and more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. Sections 952(a), 960(a) and (b)(1), and aiding and abetting in violation of 18 U.S.C. Section 2 (Count 2); possession with intent to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. Sections 841(a)(1) and (b)(1)(A), and aiding and abetting in violation of 18 U.S.C. Section 2 (Count 3); and reentry of a removed alien in violation of 8 U.S.C. Sections 1326(a) and (b) (Count 4).   (Cr. Doc. 14) (Indictment).

On September 29, 2020, Mr. Vasquez-Chavez pleaded guilty to Counts 3 and 4 pursuant to a plea agreement.  (Cr. Doc. 25).   As part of the plea agreement, the Government recommended a three-level reduction for acceptance of responsibility pursuant to United States Sentencing Guidelines Section 2E1.1(a) and (b).  *Id.* at 6.   On July 7, 2021, the Court accepted the plea agreement, which requested the mandatory minimum, and Mr. Vasquez-Chavez was sentenced to a total term of 120 months imprisonment and 5 years of supervised release.   (Cr. Doc. 35) (Judgment), (Cr. Doc. 42) (Sentencing Transcript).   On July 8, 2021, the Government

moved to dismiss Counts 1 and 2 because Mr. Vasquez-Chavez pleaded guilty in accordance with the plea agreement.   (Cr. Doc. 37).   The Court granted the request.   (Cr. Doc. 38).     Mr. Vasquez-Chavez did not file a direct appeal as to his conviction or sentence.

On July 10, 2023, Mr. Vasquez-Chavez filed the instant Motion pursuant to Section 2255.   (Doc. 1).   He argues four grounds for relief premised on ineffective assistance of counsel and prosecutorial misconduct for failing to ensure that he would receive a three-point reduction to his sentence for his acceptance of responsibility.   *Id.* at 4-5, 7-8.

II.   Discussion

A.   *Timeliness of Motion*

In response to the instant Motion to Vacate, the Government contends this matter must be dismissed as untimely.   (Doc. 11 at 4-5).   The Court agrees that this action is time barred. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a Section 2255 motion if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. Section 2255(f):

A 1-year period of limitation shall apply to a motion under this section.   The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Because Mr. Vasquez-Chavez had an appellate waiver in his plea agreement and did not bring a direct appeal, the judgment became final on July 21, 2021, which was fourteen days after the date the judgment was entered on July 7, 2021. *See United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006) (addressing finality of criminal judgments); Fed. R. App. P. 4(b)(1)(A) (requiring a defendant's notice of appeal in a criminal case to be filed within fourteen days of the later of either the entry of the judgment or order being appealed; or the filing of the Government's notice of appeal). As a result, the one-year period of limitations under Section 2255(f) expired on July 21, 2022.

Mr. Vasquez-Chavez signed and dated the Motion on July 6, 2023, with an attestation that he placed it in the prison mailbox on July 10, 2023. (Doc. 1 at 12). An inmate who places a habeas petition "in the prison's internal mail system will be treated as having 'filed' [the petition] on the date it is given to prison authorities for mailing to the court." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)). Therefore, because Mr. Vasquez-Chavez did not file the instant Section 2255 Motion until July 10, 2023, over one year after the end of the limitation period, the instant filing is untimely.

Within the Motion, Mr. Vasquez-Chavez acknowledges his untimeliness and asserts the following:

> Because I have been waiting on my attorney to get in touch with me about my appeal and after realizing my attorney has been ducking me and my family checked to see there has been no appeal filed for me I took it upon myself to learn better English and enlisted the help of someone to file this motion. I seek to get the 3 point reduction in an effort to get my current sentence vacated and get

4

resentenced to a sentence reflecting the 3 point reduction.

(Doc. 1 at 11) (errors in original).    Construing the Motion liberally, it appears he is asking the

Court to excuse his untimeliness due to the unresponsiveness of his attorney.

Equitable tolling is available only "in rare and exceptional circumstances." *Gunderson*

*v. Abbott*, 2006 WL 752038 at *2 (10th Cir. March 24, 2006) (unpublished) (quoting *Gibson v.*

*Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).    To be entitled to equitable tolling, a petitioner

must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing.    *Lawrence v. Florida*, 549 U.S. 327,

336 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Marsh v. Soares*, 223 F.3d

1217, 1220 (10th Cir. 2000) (equitable tolling is "only available when an inmate diligently

pursues his claims and demonstrates that the failure to timely file was caused by extraordinary

circumstances beyond his control.")    "Simple excusable neglect is not sufficient."    *Gibson*, 232

F.3d at 808.

Mr. Vasquez-Chavez blames his untimely filing on his attorney "ducking him,"

"[h]owever attorney error is generally not a basis for equitable tolling of the federal habeas

deadline."    *Gunderson*, 2006 WL 752038 at *3.    This Court has previously held that the alleged

failure of an attorney to file an appeal after a movant knowingly waived his appeal rights does

not constitute extraordinary circumstances or provide a basis for equitable tolling of the statute of

limitations.    *Aragon v. United States*, 2017 WL 4797791, at *2-3 (D.N.M. Oct. 24, 2017).    *See*

*also Salazar v. Lemaster*, 130 Fed. Appx. 208, 210 (10th Cir. 2005) (unpublished) ("because

counsel is not required in post-conviction proceedings, any miscalculation or inaction on the part

of counsel or a prison litigation coordinator cannot constitute grounds to toll the statute.").    *See*

5

*also United States v. Romero-Cruz*, 245 Fed. Appx. 797, 801 (10th Cir. Aug. 20, 2007) (holding, in relevant part, that counsel's failure to file a timely notice of appeal after being asked to do so "can hardly be equated to . . . egregious misconduct") (unpublished).

Also, mere attorney negligence does not constitute an extraordinary circumstance because "clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures." *Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007) (internal quotation omitted). *See also Holly v. Bravo*, 2014 WL 11398560, at *8 (D.N.M. July 21, 2014), *report and recommendation adopted*, 2014 WL 11398493 (D.N.M. Sept. 29, 2014), *aff'd*, 612 F. App'x 922 (10th Cir. 2015) ("the mistaken belief that one's attorney is pursuing habeas relief on his behalf, without more, does not itself trigger equitable tolling since habeas petitioners bear the ultimate responsibility for monitoring the status of their cases). The alleged failure of Petitioner's trial counsel to inform Petitioner of his rights pursuant to 28 U.S.C. Section 2255 simply does not "amount to the type of extraordinary circumstances warranting equitable tolling." *Faircloth v. Raemisch*, 692 Fed. Appx. 513, 523 (10th Cir. 2017) (unpublished) (holding that an attorney's incorrect advice regarding tolling of the statute of limitations does not amount to the type of extraordinary circumstance that warrants equitable tolling).

Further, to the extent Mr. Vasquez-Chavez seeks equitable tolling of the one-year limitation period due to his limited ability to navigate the English language, a "lack of proficiency in the English language is insufficient to justify equitable tolling." *See Arvizo-Pena v. United States*, 2017 WL 6513656, at *2 (D.N.M. Dec. 18, 2017) (citing *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008)) (quoting *United States v. Alvarado-Carrillo*, 43 Fed. Appx. 190,

192 (10th Cir. 2002) (unpublished) (rejecting the petitioner's claim that his status as a non-English speaking Mexican citizen, lack of access to legal material or legal assistance, and lack of understanding of the law allowed for equitable tolling of the one-year limitation period in Section 2255).   Therefore, in this case, the Court finds the instant Motion was filed untimely with no basis for equitable tolling and that his claims are time barred.

      B.   *Acceptance of Responsibility Sentencing Reduction*

      Although the instant Motion is untimely and will be dismissed as such, the Court notes that even if equitable tolling applied and the collateral attack waiver agreed to in his plea agreement was disregarded, his claims would still fail on their merits.   Mr. Vasquez-Chavez argues his attorney was ineffective for failing to file an appeal specific to "the denial of [his] 3 points for acceptance of responsibility" and "failing to object[] to the Government's denial for 3 points for acceptance of responsibility."   (Doc. 1 at 5-6).   He further contends that the Government breached the plea agreement and committed prosecutorial misconduct for not applying the same three-point adjustment.   *Id.* at 7-8.

      Contrary to his arguments, it is clear from the plea agreement, the PSR, and the sentencing transcript that Mr. Vasquez-Chavez did, in fact, receive the three-point adjustment for acceptance of responsibility.   First, within the plea agreement, the Government and Mr. Vasquez-Chavez stipulated to the following in pertinent part:

> Pursuant to USSG § 3E1.1(a), the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Consequently, so long as the defendant continues to accept responsibility for the defendant's criminal conduct, the defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines.   This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States probation officer who prepares the presentence report in this case in which the defendant

clearly establishes the defendant's entitlement to this reduction.

(Cr. Doc 25 at 6).

Second, the PSR confirmed that Mr. Vasquez-Chavez "accepted responsibility for his actions" during the plea hearing.   (Cr. Doc. 27 at 7).   As such, he was entitled to an adjustment for acceptance of responsibility, which the PSR clearly addressed:

> 40. **Acceptance of Responsibility**: The defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. USSG §3E1.1(a).
> $$\underline{\textbf{-2}}$$

> 41. **Acceptance of Responsibility**: The defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty. Accordingly, the offense level is decreased by one additional level. USSG §3E1.1(b).
> $$\underline{\textbf{-1}}$$

*Id.* at 8 (emphasis in original).   Considering these adjustments, his total offense level was calculated at 29.   *Id.*

Lastly, at the July 7, 2021 sentencing hearing, both counsel for Mr. Vasquez-Chavez and the Government requested that he be sentenced to the statutory minimum of ten years in exchange for pleading guilty to Counts 3 and 4 of the indictment.   (Cr. Doc. 42 at 8-10). Pursuant to the plea agreement, the Government agreed to dismiss Counts 1 and 2, limit the amount of drugs involved in the charge, and apply the acceptance of responsibility adjustment. *Id*. at 10-11.   The Court clearly accepted the plea agreement and PSR in their entirety:

> THE COURT:   . . . Mr. Vasquez, I'm going to accept the Plea Agreement that you have with the United States.   I am persuaded, based on what you have said and what I have heard from Mr. Edwards and from Mr. Solis, that this agreement in this Plea Agreement is ten years, that that's enough. It can't be any lower, but it won't be any higher, and so it's going to be ten years.

> Let me explain further.

> Now, having accepted the Plea Agreement and having considered and adopted all of the factual findings within the Presentence Report with the one modification to that outstanding charge in Roswell, I am adopting everything in the Presentence Report.

*Id.* at 17-18.   After the PSR was accepted and adopted, the Court acknowledged his offense level was 29, which included a 3-point adjustment due to his acceptance of responsibility.   *Id.* at 19.   The Court explained to Mr. Vasquez-Chavez that the law completely prohibited a sentence lower than ten years because of the specific charge and the amount of methamphetamine involved.   *Id.* at 12-14.   Although the Court could not apply a sentence under ten years, it did not mean that the 3-point adjustment was disregarded.   To the contrary, the PSR was adopted, and the offense level was calculated at 29.

Due to the fact that Mr. Vasquez-Chavez did receive the 3-point adjustment, and all four claims in his Motion are entirely based on the argument that he did not receive the adjustment, his Motion would fail on the merits if it was not dismissed as untimely.

    C.   *Certificate of Appealability*

Habeas Corpus Rule 11 provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A certificate of appealability requires "a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2).   The "petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).   For the reasons explained above, the Court finds that reasonable jurists could not debate the denial of Mr. Vasquez-Chavez's Section 2255

motion and, therefore, a certificate of appealability will be denied.

IT IS ORDERED:

1.  Petitioner Esteban Angel Vasquez-Chavez's Motion to Vacate, Set Aside, or Correct

    Sentence Under 28 U.S.C. § 2255 (Doc. 1; Cr. Doc. 39) is dismissed with prejudice.

2.  A certificate of appealability is denied.

3.  The Court will enter a separate judgment closing the civil habeas case.

/s/_____
KENNETH J. GONZALES[2]
CHIEF UNITED STATES DISTRICT JUDGE

---

2 Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.